IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MICHAEL LEE RAWSON,** | Civ. No. 1:15-cv-01553-CL |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **KCAC JIM NIELSEN** and **DR. SHEREE EVERETT, DMV,** | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Michael Lee Rawson brings this action *pro se*. He alleges that Jim Nielsen, Chief of the Klamath County Animal Control, and Dr. Sheree Everett, a veterinarian, violated his federal right to privacy when they discussed his impounded dog's temperament and abilities without his permission. Compl. at 3. Nielsen moves (#12) to dismiss this action pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rather than filing opposition to Nielsen's motion, Plaintiff filed an amended complaint (#20). Because the time allowed for amending pleadings as a matter of course has expired, the Court construes (#21) Plaintiff's amended complaint as a motion for leave to amend. For the reasons set forth below,

Page 1 – **REPORT & RECOMMENDATION**

both Nielsen's motion to dismiss and Plaintiff's request for leave to amend should be GRANTED.

## BACKGROUND

The Court assumes the following allegations are true for the limited purpose of ruling on Nielsen's motion to dismiss:

Plaintiff's wife's service dog, Buster, has been impounded by Klamath County Animal Control since January 6, 2015. Compl. at 3. On July 8, 2015, Plaintiff hired Dr. Everett to perform a wellness exam of Buster. Compl. at 3. While examining Buster, Dr. Everett answered Nielsen's questions about Buster's temperament and abilities. Compl. at 3. She said that Buster was not a service or emotional support dog. Compl. at 6. She described him as "unstable." Compl. at 5. Dr. Everett did not acquire Plaintiff's permission before making these statements. Compl. at 3.

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005) (citing *Cervantes v. U.S.,* 330 F.3d 1186, 1187 (9th Cir. 2003)). In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has

Page 2 – **REPORT & RECOMMENDATION**

acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

Pleadings presented by individuals appearing *pro se* are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). *Pro se* filings are construed liberally. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Before the court dismisses a *pro se* complaint for failure to state a claim, the Court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. U.S. Dep't of State,* 548 F.3d 871, 881–82 (9th Cir. 2008).

## DISCUSSION

The Court liberally construes Plaintiff's Complaint to raise a claim under 42 U.S.C. § 1983 for the deprivation of his right to privacy. Section 1983 is a vehicle for remedying violations of federal rights by government officials acting under the color of state law. *Maine v. Thiboutot,* 448 U.S. 1, 8-9 (1980). In order to sustain a section 1983 claim, Plaintiff must show that (1) the complained of conduct was committed by a person acting under the color of state law, and (2) that conduct deprived Plaintiff of a right protected by the Constitution or laws of the United States. *Wood v. Ostrander,* 879 F.2d 583, 587 (9th Cir. 1989).

Plaintiff alleges Defendants violated his right to privacy by discussing Buster without Plaintiff's approval. There is no dispute that Nielsen was acting in his capacity as a county employee when he participated in the alleged conduct. Therefore, Plaintiff's claim against

Nielsen satisfies section 1983's first requirement.[1] However, Plaintiff's pleading falters on the second requirement. His allegations do not invoke a plausible federal privacy right. The Ninth Circuit recognizes two types of constitutionally-protected privacy interests. The first is the interest in independence in making certain important decisions involving matters like marriage, procreation, and family relationships. *In re Crawford,* 194 F.3d 954, 958 (9th Cir.1999), *cert. denied,* 528 U.S. 1189 (2000). Plaintiff's claim falls far afield of this category. There is no suggestion that Defendants' conversation impaired Plaintiff's independent decision-making abilities in any of these limited areas. The second is the interest in avoiding disclosure of personal matters, known as "informational privacy." *Id.* The right to informational privacy encompasses, for example, the disclosure of medical information. *Tucson Woman's Clinic v. Eden,* 379 F.3d 531, 551 (9th Cir. 2004). Plaintiff has failed to state a plausible claim for relief under this category. A veterinarian's opinion about an impounded dog does not fall within the ambit of intimate information that is entitled to privacy protection. Moreover, to the extent that Plaintiff alleges that the discussion infringed on his wife's privacy, Plaintiff does not have standing to bring suit on her behalf. *See Wasson v. Sonoma County Junior College,* 203 F.3d 659, 663 (9th Cir. 2000) (ordinarily, a party is not permitted to assert constitutional rights other than his own). For these reasons, Plaintiff has failed to state a claim for which relief may be granted.

Dismissal is also appropriate under the doctrine of qualified immunity which protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[1] The parties do not discuss whether Dr. Everett was acting under color of state law, and the Court will similarly refrain from speculating on that issue

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As discussed above, Nielsen's alleged conduct did not violate a clearly established privacy right.

## RECOMMENDATION

For the reasons stated above, Nielsen's motion to dismiss (#12) should be GRANTED. Because it is not clear that the deficiencies of Plaintiff's complaint cannot be cured, Plaintiff's motion for leave to amend (#20) should also be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ____ day of March 2016.

_____
MARK D. CLARKE
United States Magistrate Judge