IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MICHAEL LEE RAWSON AND**
**ROXANA MARIA FRAGASSI**

       Plaintiffs,

     v.

**KCAC JIM NIELSEN** and
**DR. SHEREE EVERETT, DMV**,

       Defendants.

Civ. No. 1:15-cv-01553-CL

**REPORT**
**& RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiffs Michael Lee Rawson and his wife Roxana Maria Fragassi bring this action *pro se*. This Court filed a Report and Recommendation on March 21, 1016, finding that defendants' Motions to Dismiss and Plaintiffs' Motion to Amend should be granted. Dckt. #25. Judge Aiken adopted these findings on April 12, 2016. Dckt. #28. The Court held a status conference on May 11, 2016, and the parties agreed that docket entry #20 would be "filed as the Amended Complaint." Dckt. #31. Thus, the Amended Complaint now before the Court (Dckt. #3) is an exact copy of the original Complaint. Dckt. #20.

The Court again evaluates the matter under *pro se* pleading standards, which instruct that filings be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010). For the reasons set forth below, the separately-filed Motions to Dismiss should therefore be GRANTED.

## FACTS

Mr. Rawson and Ms. Fragassi again allege that Jim Nielsen, Chief of the Klamath County Animal Control, and Dr. Sheree Everett, a veterinarian, violated a federal right to privacy in discussing their dog's temperament and abilities without explicit permission. Amm. Compl. at 3 (Dckt. #30). Both defendants filed separate Motions to Dismiss. Dckt. # 33, 34.

The Court again assumes the following allegations are true for the limited purpose of ruling on defendants' motions to dismiss: Klamath County Animal Control impounded Ms. Fragassi's service dog, Buster, on July 8, 2015. Amm. Compl. Ex. 1 (Dckt. #30). Mr. Rawson hired Dr. Everett to examine the dog at that time. Amm. Compl., p. 1, ¶1. In the course of this exam, Dr. Everett answered Mr. Nielsen's questions about Buster's temperament and abilities. *Id.* at ¶ 2. Dr. Everett stated that Buster was not a service or emotional support dog, due to his temperament, and described the dog as "unstable." Ex. 1. Dr. Everett did not receive Mr. Rawson's permission before making these statements. Amm. Compl. p. 1 ¶1.

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing *Cervantes v. U.S.*, 330 F.3d 1186, 1187 (9th Cir. 2003)). To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, a claim must contain sufficient

factual plausibility to allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678. Evaluating such claims is a "context-specific task" that requires the reviewing court to draw upon experience and common sense. *Id.* at 679.

Pleadings presented *pro se* "must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citations omitted). The Court may not dismiss the matter on the grounds that allegations were too conclusory, *id.*, and *pro se* filings are construed liberally in evaluating a motion to dismiss. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). This is especially true in evaluating a civil rights matter. *Id.* Dismissal of a *pro se* complaint without leave to amend is proper "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rouse v. U.S. Dep't of State,* 567 F.3d 408, 4178-19 (9th Cir. 2008) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)).

## DISCUSSION

As before, the Court liberally construes Plaintiffs' Complaint, and finds that it raises a 42 U.S.C. § 1983 claim for deprivation of a right to privacy. Section 1983 is a vehicle for remedying violations of federal rights by government officials acting under the color of state law. *Maine v. Thiboutot*, 448 U.S. 1, 8-9 (1980). In order to sustain such a claim, Plaintiffs must show that (1) the complained of conduct was committed by a person acting under the color of state law, and (2) that conduct deprived Plaintiffs of a right protected by the Constitution or laws of the United States. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

Plaintiffs allege that both Mr. Nielsen and Dr. Everett violated their right to privacy by discussing Ms. Fragassi's dog without Mr. Rawson's approval.

///

### A. Defendant Mr. Nielsen

There is no dispute that Mr. Nielsen was acting in his capacity as an animal control officer, and thus as a county employee. Therefore, Plaintiffs' claim against Mr. Nielsen satisfies section 1983's first requirement. However, the pleading again falters on the second requirement because the allegations do not invoke a plausible federal privacy right.

The Ninth Circuit recognizes two types of constitutionally-protected privacy interests. The first is the interest in "avoiding disclosure of personal matters," often termed "informational privacy." *In re Crawford,* 194 F.3d 954, 958 (9th Cir.1999), *cert. denied,* 528 U.S. 1189 (2000). Such matters include disclosure of social security numbers, *id.,* and medical diagnoses. *See Doe v. Atty. Gen. of U.S.,* 9412 F.2d 780,796 (9th Cir. 1991) (broadly discussing Fifth Amendment right to medical privacy claims). No authority suggests this standard is extended to information pertaining to a dog's behavior.

The second protected interest is that of "independence in making certain kinds of important decisions," *Crawford,* 194 F.3d at 958, usually relating to family and parenthood. *People of State of Cal. V. F.C.C.,* 75 F.3d 1350, 1361 (9th Cir. 1996). Plaintiffs' claim again fails to meet this standard; the Complaint makes no allegation that the conversation between Mr. Nielsen and Dr. Everett impaired a protected decision-making sphere.

Further, the doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Because Mr. Nielsen's alleged conduct did not violate a clearly established privacy right, dismissal of the claims against him is proper for this reason also.

///

## B.  Defendant Dr. Everett

The Complaint clearly states that Mr. Rawson "contracted" with Dr. Everett.  Amm. Comp., p. 1 ¶1.  Even under liberal pleading standards, this indicates that Dr. Everett was in Mr. Rawson's employ, and was not acting under color of state law in her conduct pertaining to Plaintiffs' dog.  This Court is also without jurisdiction to hear such a breach of contract claim because, standing alone, it does not raise a federal question giving rise to jurisdiction under 28 U.S.C. § 1331.  Therefore, the claims against Dr. Everett should therefore be dismissed.

## C.  Leave to Ammend

Finally, the Court notes that dismissal of a *pro se* complaint is "proper only if it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Rouse v. U.S. Dept. of State*, 567 F.3d 408, 418 (9th Cir. 2008) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (den. pet. for reh'g *en banc*).  Pursuant to this standard, the Court has three times granted Plaintiffs leave to amend.  Dckt. #21, 25, 31.  The documents now before the Court, as presented, do not suggest further action under this Court's jurisdiction, even under a revised pleading.  For this reason also, dismissal is appropriate.

## RECOMMENDATION

For the reasons stated above, Motions to Dismiss presented by defendants Mr. Neilson (Dckt. #33) and Dr. Everett (Dckt. #34) should be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of July 2016.

_____
MARK D. CLARKE
United States Magistrate Judge